UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LOWMORREO A. HARRIS, SR., <br><br> Petitioner, <br><br> v. <br><br> WARDEN MICHAEL MEISNER, <br><br> Respondent. | Case No. 21-CV-460-JPS <br><br> **ORDER** |

## 1.  INTRODUCTION

On April 12, 2021, Petitioner Lowmorreo A. Harris, Sr., also known as Mario A. Harris, ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner also filed a motion for leave to proceed in forma pauperis. ECF No. 2. The Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings. Additionally, in light of the Court's receipt of the $5.00 filing fee on November 4, 2022, the Court will deny Petitioner's motion to proceed in forma pauperis as moot.

## 2.  FACTUAL BACKGROUND

Petitioner's § 2254 petition relates to two underlying Milwaukee County criminal cases.[1] In the first, a 2010 case, Petitioner was found guilty at a jury trial of one count of solicitation of prostitutes as a party to a crime,

---

[1] *See State of Wisconsin v. Lowmorreo A. Harris,* Milwaukee Cnty. Case No. 2010CF004362,
https://wcca.wicourts.gov/caseDetail.html?caseNo=2010CF004362&countyNo=40&index=0&mode=details (hereinafter cited to as 2010CF004362) and *State of Wisconsin v. Mario A. Harris,* Milwaukee Cnty. Case No. 2011CF002966, https://wcca.wicourts.gov/caseDetail.html?caseNo=2011CF002966&countyNo=40&mode=details (hereinafter cited to as 2011CF002966).

one count of solicitation of prostitutes, and two counts of conspiracy to commit pandering/pimping. 2010CF004362. In the second, a 2011 case, Petitioner was found guilty at a jury trial of one count of trafficking of a child, one count of soliciting a child for prostitution, two counts of pandering/pimping, and one count of solicitation of prostitutes. 2011CF002966.

On November 30, 2011, Petitioner filed a Petition for Writ of Habeas Corpus with the Wisconsin Supreme Court.[2] On January 24, 2012, the Wisconsin Supreme Court denied Petitioner's petition for a writ of habeas corpus.[3] On February 29, 2012, the Wisconsin Supreme Court denied Petitioner's February 14, 2012 motion for reconsideration thereof without opinion.[4]

Petitioner sought post-conviction relief in the Wisconsin Court of Appeals on April 17, 2017.[5] Therein, the Wisconsin Court of Appeals addressed jointly his convictions for "one count of trafficking a child, one count of soliciting a child for prostitution, two counts of pandering, two counts of solicitation of prostitutes, one count of solicitation of prostitutes as a party to a crime, and two counts of conspiracy to commit pandering." *State of Wisconsin v. Mario A. Harris*, Nos. 2017AP675-CR, 2017AP676-CR,

---

[2]*See Mario A. Haris v. David A. Clark, Jr.*, No. 2011AP002753-W (Wis. 2011), https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2011AP002753&cacheId=D31E2343914E809C7D2EA7A4A117F830&recordCount=2&offset=1&linkOnlyToForm=false&sortDirection=DESC.

[3]*See id.*; *see also* 2010CF004362 & 2011CF002966 dockets (noting Supreme Court decision & order dismissing petition for writ of habeas corpus).

[4]*Harris v. Clark*, No. 2011AP2753-W, 810 N.W.2d 225, 2012 Wisc. LEXIS 80 (Wis. 2012).

[5]*See State of Wisconsin v. Mario A. Harris*, Nos. 2017AP675-CR, 2017AP676-CR, 923 N.W.2d 183, 2018 Wis. App. LEXIS 853 (Wis. Ct. App. 2018).

923 N.W.2d 183, 2018 Wis. App. LEXIS 853, at *1. (Wis. Ct. App. 2018). Petitioner sought post-conviction relief before the Wisconsin Court of Appeals alleging that: (1) his attorney, Scott Anderson, provided ineffective assistance of counsel for failing to enforce Harris' right to a speedy trial; and (2) his subsequent attorney, Russell Jones, provided ineffective assistance of counsel for failing to object to "clearly confusing and erroneous jury instructions." *Id.* at *9. On November 6, 2018, the Wisconsin Court of Appeals denied Petitioner's requests for post-conviction relief and affirmed his convictions. *Id.* at *21. Petitioner thereafter filed a Petition for Review with the Wisconsin Supreme Court. The Wisconsin Supreme Court denied the Petition for Review without opinion on February 12, 2019. *State v. Harris,* No. 2017AP675-CR, 926 N.W.2d 490, 2019 Wis. LEXIS 99 (Wis. 2019).

Petitioner filed his 28 U.S.C. § 2254 motion on April 12, 2021. ECF No. 1. Therein, he raises the same grounds for relief that he did before the Wisconsin Court of Appeals and the Wisconsin Supreme Court—that his counsel, Scott, failed to enforce his speedy trial rights, and that his subsequent counsel, Jones, failed to object to improper jury instructions. *Id*. at 2.

Petitioner also raises multiple additional grounds for relief which were not raised before the Wisconsin Court of Appeals and the Wisconsin Supreme Court. Petitioner's third ground for relief cites his constitutional rights to a fair and impartial trial, and his fourth ground cites his right to due process of law. ECF No. 1 at 9, 12. He argues that these rights were violated when the "trial court ruled in firearms, Lazer beam and body armor that was none [sic] relevant to the charges and in-flamed [sic] the juror against the petitioner" and when he was "deprived [of] his vith [sic] amend. rights to be heard by and through counsel in adequate time." *Id.* In

response to the prompt "if you did not exhaust your state remedies on Ground Three, explain why:" Petitioner responded that he "did exhaust ground three in state's entire court system." *Id.* at 11. In response to that same prompt regarding Ground Four, Petitioner responded that he did not exhaust his state remedies as to that ground because he "suffered ineffective assistance of post-conviction relief counsel . . . ." *Id*. at 13. He further explained that while in prison, the institution "destroyed discoverables during preparation" of his appeal. *Id*.

Petitioner asserts additional grounds for relief stemming from ineffective assistance of counsel. His fifth ground for relief pertains to his argument that he suffered ineffective assistance of counsel when his attorney "Mark Rosen" failed to object to prosecutorial misconduct after the prosecution used perjured testimony. *Id*. at 14. He writes that he did not exhaust his state remedies as to this ground again because "critical discoverables wen't [sic] missing." *Id*. at 15. His sixth ground states that his attorney "Mark Rosen" failed to raise ineffective assistance of counsel argument as to Attorney Jones on Petitioner's behalf. *Id.* at 18. Petitioner did not exhaust his state remedies as to this ground because "[t]he institution personnel's [sic] continue to deny me funding and have destroyed vital discoverables while I was preparing collateral motion" and his "attorney mark Rosen was in control of my defence [sic] and was made 'aware' of the issues but still chose not to bring this issue on post-conviction relief motion or appeal." *Id.* at 21. Petitioner lists a seventh ground for relief, writing that his counsel failed to "move to get count 7 of the consolidated information dismissed . . . ." *Id.* at 23. He writes that he was unable to raise this issue in his state appeals because of continued "state interferences of petitioner . . . ." *Id*. Petitioner's eighth ground states that his pre-trial counsel failed to do

a "pre-trial investigation of Discovery" and failed to inform the jury that "Sellers by her own admitt- [sic] had been involved in setting up dates and pimping out other females since the age of 12 years old." *Id*. at 25. He was unable to raise this issue in his direct appeal because "the inst (DOC) continued to take and destroy petitioner's legal papers . . . ." *Id*. at 26. Petitioner's ninth ground for relief relates to counsel's failure "to conduct a reasonable investigation and present evidence that petitioner had not committed the crime but others did." *Id*. at 28. Petitioner writes that he "relayed the issues to [his] post-conviction relief counselors . . .Mark Rosen the issues of my case but he didn't bring them to post-conviction relief." *Id.* at 30. Petitioner's tenth ground is that "counsel allowed the state to introduce an entire case (!) 10CF4362 without affording the petitioner opportunity of confrontation and cross examination . . . ." *Id.* at 32. He alleges that this issue was not raised on appeal because his attorneys were interested agents of the state. *Id*. at 33.

For relief, Petitioner requests that his 2010 case be dismissed and that he be given a new trial on two of the counts therein. *Id.* at 37. Also on April 12, 2021, Petitioner filed an accompanying motion to proceed in forma pauperis. ECF No. 2. These motions are now before the Court.

3. **ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

### 3.1 Timeliness

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Wisconsin Supreme Court denied review of Petitioner's direct appeal petition on February 12, 2019. It does not appear that Petitioner sought certiorari with the U.S. Supreme Court. *See* ECF No. 1 at 3. Thus, his judgment became final ninety days later, on May 13, 2019. Petitioner then had one year in which to file his federal petition (i.e., until May 13, 2020). Petitioner did not file his federal petition until April 12, 2021.

However, "[t]he AEDPA one-year limitations period is tolled during the pendency of state collateral review proceedings so long as the petitioner was challenging the pertinent judgment or claim that was the subject of the federal petition." BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9A:72, 921 (2019 ed.) (citing 28 U.S.C.A. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not

be counted toward any period of limitation under this subsection.")). Petitioner's appeal for review was denied by the Wisconsin Supreme Court on February 12, 2019, but Petitioner subsequently filed a motion for postconviction relief of his "discoverables" on December 17, 2019.[6] That motion was denied three days later, on December 20, 2019. If this motion constitutes "collateral review with respect to the pertinent judgment or claim" that is the subject of the federal petition, then Petitioner's statute of limitations for filing his federal petition was tolled for three days. Nevertheless, even with that brief period of tolling, his petition appears to be untimely.

In Petitioner's § 2254 application, in response to the prompt: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations . . . does not bar your petition," Petitioner responded that "Inst. has caused multiple portion of discoverables to go missing causing petitioner to have to switch track mid-through the development of § 974.06 which petitioner knew would have caused the time-lines to stop under 28 U.S.C. 2254." ECF No. 1 at 35. Petitioner writes that all of his criminal discoverables were taken away in boxes and that his typewriter broke around the same time. *Id.* at 36. Petitioner knew that he had "only one oppunity [sic] to file this motion in the milwaukee circuit court and [] did not want to mess up . . . ." *Id.* at 17. In other words, Petitioner was relying on his "discoverables" to draft his "974.06 motion" to file in the circuit court. *Id*. at 15. But when those

---

[6]*See Mario A. Haris v. David A. Clark, Jr.*, No. 2011AP002753-W (Wis. 2011), https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2011AP002753&cacheId=D31E2343914E809C7D2EA7A4A117F830&recordCount=2&offset=1&linkOnlyToForm=false&sortDirection=DESC.

"discoverables" were taken, "the petitioner had to switch tracks over to Habeas Corpus 2254 and stop work and research on the collateral motion [] 974.06." *Id.*

A late petition can only be considered under two circumstances. The first is commonly known as the "actual innocence" exception, i.e., if the petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). The Court does not find this exception met in this case. Petitioner makes some allegations in his § 2254 petition that others were guilty of some of the crimes for which he was convicted, ECF No. 1 at 28, but his assertions do not constitute evidence "so strong that a court cannot have confidence in the outcome of the trial . . . ." *Gladney*, 799 F.3d 889.

The second exception is "equitable tolling," which is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quotation omitted). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 683–84; *Holland v. Florida*, 560 U.S. 631, 649 (2010).

The Court does not find that the breaking of Petitioner's typewriter constitutes an extraordinary circumstance sufficient for equitable tolling. More concerning is Petitioner's allegations that Department of Corrections ("DOC") employees removed Petitioner's legal materials so that he could not access them. Deprivation of legal materials may suffice as grounds for

Page 8 of 17
Case 2:21-cv-00460-JPS   Filed 11/29/22   Page 8 of 17   Document 8

equitable tolling in some circumstances. *Paul v. Kernan*, No. CV 15-07399 CJC (AFM), 2016 U.S. Dist. LEXIS 185082, at *21 (C.D. Cal. Dec. 7, 2016) (internal citation omitted). Courts have found that deprivation of legal materials resulting from a transfer to another institution does not entitle a petitioner to equitable tolling, since such transfers are commonplace and routine. *See Paulcin v. McDonough*, 259 Fed. Appx. 211, 213 (11th Cir. 2007). Some courts have concluded, however, that a petitioner's inability to access their entire legal file, or most of it, is sufficient grounds for equitable tolling. *Paul*, 2016 U.S. Dist. LEXIS 185082, at *21. Meanwhile, inability to access only portions thereof is an insufficient ground for equitable tolling. *Id*.

The Court is not entirely persuaded that the alleged deprivation of Petitioner's "discoverables" prevented him from filing his § 2254 motion in a timely manner. At the same time, however, the Court cannot necessarily conclude at this time that from the face of Petitioner's motion he is plainly not entitled to relief.

Petitioner's § 2254 application indicates that his efforts in 2018 to draft his Wis. Stat. § 974.06[7] motion were hindered by the State in an attempt to keep him from exhausting his claims. *See* ECF No. 1 at 23 ("Was'nt [sic] able to [exhaust] because continues state interferences of petitioner preventing exhaustion of count seven and other issues layed [sic] out in the petition"). But it is not clear whether this claim is ultimately sufficient for purposes of equitable tolling, because Petitioner's direct appeals were already in process at that time and would conclude by November of 2018. The exhaustion requirement requires a petitioner to have presented the

---

[7]Wis. Stat. § 974.06 provides that a "prisoner in custody under sentence of a court" may "move the court which imposed the sentence to vacate, set aside or correct that sentence."

federal claim "to the highest court of the state, either on direct review of the conviction *or* in a post-conviction attack." 14 Tenn. Juris. § 13; *see also Mason v. Allen*, 605 F.3d 2224, 2229 (11th Cir. 2010), cert. denied, 131 S. Ct. 2175 (2011). In other words, a petitioner need not undertake collateral review in addition to exhausting their direct appeals to satisfy the habeas exhaustion requirement.

Petitioner's convictions were affirmed on direct appeal by the Wisconsin Court of Appeals on November 6, 2018, and Petitioner filed his Petition for Review with the Wisconsin Supreme Court on November 19, 2018. Any alleged attempt at hindering Petitioner's efforts at collateral review, therefore, was arguably ultimately immaterial because Petitioner would satisfy the exhaustion requirement through completion of his direct appeals. Petitioner could have brought his § 2254 habeas petition right away following the conclusion of his direct appeals in 2018. Instead, he chose to focus on pursuing state collateral relief, which would have the effect, in his words, of "caus[ing] the time-lines to stop under 28 U.S.C. 2254." ECF No. 1 at 35. Petitioner intended to file his § 974.06 motion which would toll the statute of limitations for his § 2254 motion. It is not entirely clear why he felt the need to take this course when he could have gone straight to filing his federal habeas petition within the statute of limitations, without a need for tolling. If Petitioner was under the impression that he needed to have completed both his direct appeals and any applicable collateral review in order to have satisfied the exhaustion requirement for a successful § 2254 motion, that impression was mistaken, and a petitioner's own mistake of law does not constitute an extraordinary circumstance. *See Williams v. Sims*, 390 F.3d 958, 962 (7th Cir. 2004) ("[E]ven reasonable mistakes of law are not a basis for equitable tolling."). And even if that had

been Petitioner's understanding, he may still have been able to file his § 2254 motion accompanied by a request that the Court stay his habeas petition and hold it in abeyance while he pursued collateral state-court remedies. *See Weyker v. Benzel*, No. 13-CV-1115-JPS, 2021 U.S. Dist. LEXIS 137458, at *1 (E.D. Wis. July 23, 2021) (noting that Petitioner's § 2254 motion was accompanied by a request that the Court hold it in abeyance while he exhausted his state-court remedies).

Furthermore, Petitioner's § 2254 application indicates that he was relying on the "discoverables" not for purposes of drafting his § 2254 motion, but rather solely for drafting his § 974.06 motion. His § 2254 application suggests that his "discoverables" were not needed for purposes of drafting that application because Petitioner writes that when his "discoverables" were taken and destroyed, "the petitioner had to switch tracks over to Habeas Corpus 2254 and stop work and research on the collateral motion [] 974.06." *Id.* In other words, Petitioner was prioritizing the completion of this state collateral motion (which apparently required the use of the "discoverables" which were taken) over the completion of his § 2254 motion. It could be argued that that decision, and the consequence thereof, does not constitute an extraordinary circumstance to warrant equitable tolling. Petitioner chose to focus on pursuing collateral state relief (that he ultimately did not file) rather than promptly file his federal habeas petition, despite knowing that there was a ticking clock on that habeas petition. It could be argued that that decision was not "beyond the litigant's control" as required for equitable tolling. *Socha*, 763 F.3d at 684. All of this suggests that the alleged actions of the DOC did not prevent Petitioner from timely filing his § 2254 motion, in which case equitable tolling would be inappropriate.

But on the other hand, Petitioner was correct in thinking that the filing of his state collateral motion would toll the statute of limitations on his federal habeas motion, and it could be argued that but for the alleged taking of his "discoverables," Petitioner would have filed his state collateral motion and tolled the statute of limitations on his § 2254 motion. It appears that the taking of his discovery materials was "beyond" his control as required for equitable tolling. *Socha*, 763 F.3d at 684. These circumstances, if true, may lean in favor of a finding of equitable tolling.

The Court is not able to make a definite determination as to timeliness based on these facts at the screening stage. The Court will decline to rule on this issue at this time and will revisit it with the benefit of discovery and briefing.

### 3.2 Exhaustion

Next, the Court analyzes whether Petitioner fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). However, for purposes of exhaustion, pro se petitioners are held to a more lenient standard than counseled petitions. *Lieberman v. Thomas*, 505 F.3d 665, 671 (7th Cir. 2007).

A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). General appeals before the state

courts to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Petitioner raised only two ineffective assistance of counsel claims before the Wisconsin Court of Appeals and the Wisconsin Supreme Court in his direct appeal. He claimed that: (1) his attorney, Scott Anderson, provided ineffective assistance of counsel for failing to enforce Harris' right to a speedy trial; and (2) his subsequent attorney, Russell Jones, provided ineffective assistance of counsel for failing to object to "clearly confusing and erroneous jury instructions." *State of Wisconsin v. Mario A. Harris*, Nos. 2017AP675-CR, 2017AP676-CR, 923 N.W.2d 183, 2018 Wis. App. LEXIS 853, at *9 (Wis. Ct. App. 2018). Petitioner now claims, regarding at least one of his newly raised grounds for relief, that he *did* present that ground all the way up to the Wisconsin Supreme Court. ECF No. 1 at 11 ("I did raise [ground three] in all state courts' [sic]."). Upon review of the Wisconsin Court of Appeals' opinion, however, that does not appear to be the case. *See generally id*.

Accordingly, his eight newly raised grounds for relief do not appear to have been exhausted. And while ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion, *see Massaro v. United States*, 538 U.S. 500, 503 (2003), the same is not necessarily true for § 2254. *See Doyon v. Superintendent, Me. Corr. Ctr.*, No. 00-4-P-C, 2000 U.S. Dist. LEXIS 9696, at 3* (D. Me. Mar. 21, 2000) ("To exhaust a federal constitutional claim, like the claim of ineffective assistance of counsel presented by the

petitioner here, a petitioner must present its 'substance' in state court before seeking a second opinion through habeas proceedings in federal court."); *Collins v. Herbert*, 992 F. Supp. 238, 241 (W.D.N.Y. 1997) ("To have raised only certain of the alleged instances of ineffective assistance to the state courts does not satisfy the exhaustion requirements of 28 U.S.C. § 2254(b).").

Petitioner alleges that he failed to raise some of his now-stated grounds for relief during his direct appeals process because he suffered from ineffective assistance of counsel during his direct appeals. "However, the Supreme Court has held that an unexhausted, ineffective assistance of counsel claim cannot be used to establish cause for failure to exhaust other claims." *United States ex rel. Fagan v. Greer*, No. 88-C-7520, 1989 U.S. Dist. LEXIS 3372, at *7 (N.D. Ill. Mar. 28, 1989). And the Seventh Circuit has more recently held that "procedural default caused by ineffective postconviction counsel may be excused if state law, either expressly or in practice, confines claims of trial counsel's ineffectiveness exclusively to collateral review. [But] Wisconsin law expressly allows—indeed, in most cases requires— defendants to raise claims of ineffective assistance of trial counsel as part of a consolidated and counseled *direct* appeal, and provides an opportunity to develop an expanded record." *Nash v. Hepp*, 740 F.3d 1075, 1079 (7th Cir. 2014). Accordingly, the failure to assert grounds for relief before the state courts by reason of alleged ineffective assistance of post-conviction counsel does not excuse Petitioner's failure to exhaust those grounds.

Because Petitioner's § 2254 motion presents both exhausted and unexhausted claims, the Court must decide how to move forward. "[A] district court faced with a mixed petition has discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal

court for review of his perfected petition." Brian R. Means, Federal Habeas Manual § 9C:70, 1383 (2019 ed.) (citing *Rhines v. Weber*, 544 U.S. 269, 275–77 (2005)). Alternatively, the district court can allow the petitioner to remove the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *Rhines*, 544 U.S. at 279.

The Court will not exercise its discretion to stay the petition and hold it in abeyance for Petitioner to attempt to exhaust the unexhausted claims. Petitioner has indicated that he is prevented from filing his state collateral motion because of the alleged conduct of the institution in which he is confined. This gives the Court the impression that it would potentially be futile to stay the petition and hold it in abeyance for Petitioner to attempt to exhaust his remaining claims. This conclusion is bolstered by the U.S. Supreme Court's admonition that "stay and abeyance should be available only in limited circumstances" because it "effectively excuses a petitioner's failure to present his claims first to the state courts . . . ." *Id*. at 277.

Accordingly, the Court will proceed only on the two properly exhausted claims—that Petitioner's counsel, Scott, failed to enforce his speedy trial rights, and that his subsequent counsel, Jones, failed to object to improper jury instructions. ECF No. 1 at 2. The effect of this, importantly, is that if Petitioner "foregoes the unexhausted claims and receives a decision on the merits of the petition," the petitioner may be inhibited in bringing a later petition after these claims have been properly exhausted. 4 New York Criminal Practice § 48.05; *Burton v. Stewart*, 549 U.S. 147, 154 ("Alternatively, prisoners filing mixed petitions may proceed only with the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles."). If Petitioner intends to move

forward with his habeas petition, the Court will instruct him to submit an amended § 2254 motion, listing only those two exhausted claims for relief.

### 3.3 Procedural Default

The Court next determines whether Petitioner has procedurally defaulted on any of his exhausted grounds. As noted above, only two of Petitioner's grounds for relief were exhausted in the state courts. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it does not appear that Petitioner has procedurally defaulted on his two properly exhausted claims.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Petitioner's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Petitioner's properly exhausted claims, it does not plainly appear that they are frivolous.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED as moot** in light of Petitioner's payment of the filing fee**;**

**IT IS FURTHER ORDERED** that Petitioner shall amend his § 2254 motion in accordance with this Order by **Friday, December 30, 2022**, or otherwise risk dismissal without prejudice of his petition.

Dated at Milwaukee, Wisconsin, this 29th day of November, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge