UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LOWMORREO A. HARRIS, SR., | |
| Petitioner, | |
| v. | Case No. 21-CV-460-JPS |
| WARDEN MICHAEL MEISNER, | **ORDER** |
| Respondent. | |

On April 12, 2021, Petitioner Lowmorreo A. Harris, Sr., also known as Mario A. Harris, ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On November 4, 2022, Petitioner paid the $5 filing fee, rendering his previous motion for leave to proceed in forma pauperis moot.

On November 29, 2022, the Court screened Petitioner's § 2254 petition. ECF No. 8.[1] In that screening order, the Court wrote that the petition was untimely and that, despite thorough consideration, it was unclear whether Petitioner would be entitled to equitable tolling. *Id*. at 6–12. The Court further noted that the petition presented both exhausted and unexhausted grounds for relief and that it therefore constituted a mixed petition. *Id*. at 13–14. In light of the length of time for which the petition had been pending, the Court declined to stay the petition and hold it in abeyance for Petitioner to return to state court. *Id*. at 15. Instead, the Court instructed Petitioner to file an amended petition containing only those grounds that had been properly exhausted. *Id*. There were two such

---

[1] For a complete recitation of the factual background, including Petitioner's two underlying criminal cases, *see* ECF No. 8.

grounds—first, that Petitioner's counsel failed to enforce his speedy trial rights, and second, that his subsequent counsel failed to object to improper jury instructions. *Id*.

On January 5, 2023, Petitioner filed an amended petition as instructed by the Court. ECF No. 9. In this amended petition, Petitioner discloses a previous habeas action in this District, Case No. 20-CV-693, which case does not appear to have been previously disclosed in Petitioner's petition at ECF No. 1. *See id*. at 11 ("Eastern District United states court that was dismissed without prejudice. Federal habeas Corpus.").

In that previous federal habeas action, Petitioner apparently similarly raised three grounds for relief which had been exhausted and seven additional grounds which had not. Case No. 20-CV-693, ECF No. 6 at 3. A review of Magistrate Judge William E. Duffin's order screening that petition reveals that Petitioner attempted to argue the same grounds and provide the same justifications as those now presented to the Court in current habeas action. *See generally id*. Petitioner was there similarly ordered by Magistrate Judge Duffin to file an amended petition with only his exhausted claims. Case No. 20-CV-693, ECF No. 6. Despite receiving several extensions of time, Petitioner failed to do so. His case was accordingly dismissed without prejudice for failure to exhaust. Case No. 20-CV-693, ECF Nos. 14, 15. Petitioner thereafter filed a motion for reconsideration of that dismissal, which motion was denied. Case No. 20-CV-693, ECF Nos. 16, 17. Petitioner appealed the denial of that motion for reconsideration to the Seventh Circuit. Case No. 20-CV-693, ECF No. 19. The Seventh Circuit dismissed that appeal on August 12, 2021 pursuant to Fed. R. App. P. 42(b). Case No. 20-CV-693, ECF No. 23.

In light of the disclosure of the previous federal habeas petition, which was based on the same grounds and arguments as that which is now before the Court, further discussion now becomes necessary regarding second or successive petitions. "Claims raised in a second or successive petition that were previously presented in a prior application *must* be dismissed." BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 11:22, 1457 (2019 ed.) (citing 28 U.S.C.A. § 244(b)(1)). "This is an absolute bar against raising in a second or successive habeas corpus application a claim that was presented in a prior application." *Id*. "A ground is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments." *Id*. at § 11:23, 1461.

Importantly, however, not all previous habeas motions count toward the second or successive limitation. Previous habeas motions that *do* count towards this limitation include those which are adjudicated on the merits, dismissed as untimely, dismissed as procedurally defaulted, or dismissed as uncognizable. *Id*. at §§ 11:48–11:51, 1526–1528. Critically, an initial petition dismissed as unexhausted does *not* count towards the second or successive limitation. *Id*. at § 11:55, 1533 ("A petition is not 'second or successive' when a state prisoner whose first petition was dismissed for failure to exhaust state remedies brings a new petition based on the exhausted claims."). Here, Petitioner's previous federal habeas proceeding from 2020 was dismissed for failure to exhaust. Case No. 20-CV-693, ECF No. 15. Accordingly, this prior federal habeas action does not bar the current one.

That being the case, and in light of Petitioner's compliance with the Court's order instructing him to amend his petition to include only his exhausted claims, the Court will set the matter for briefing.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the amended petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his amended petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

    c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

    b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the amended petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Page 5 of 6
Case 2:21-cv-00460-JPS   Filed 02/02/23   Page 5 of 6   Document 10

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge