# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LOWMORREO A. HARRIS, SR., <br><br> Petitioner, <br><br> v. <br><br> CHRIS STEVENS,[1] <br><br> Respondent. | Case No. 21-CV-460-JPS <br><br> **ORDER** |

## 1. INTRODUCTION AND BACKGROUND

Petitioner Lowmorreo A. Harris, Sr. ("Petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 12, 2021. ECF No. 1.[2] On November 29, 2022, the Court screened the action. ECF No. 8. The Court at that time deemed the petition untimely and noted that it could not yet determine whether the exception of equitable tolling was applicable in this case. *Id*. at 6–12. The Court was "not entirely persuaded that the alleged deprivation of Petitioner's 'discoverables' prevented him from filing his § 2254 motion in a timely manner," but it

---

[1] Petitioner is incarcerated at Redgranite Correctional Institution, which now is overseen by Warden Chris Stevens. The Court will therefore instruct the Clerk of Court to replace Michael Meisner with Chris Stevens on the docket.

[2] Petitioner's § 2254 petition relates to two underlying Milwaukee County criminal cases. In the first, a 2010 case, Petitioner was found guilty at a jury trial of one count of solicitation of prostitutes as a party to a crime, one count of solicitation of prostitutes, and two counts of conspiracy to commit pandering/pimping. In the second, a 2011 case, Petitioner was found guilty at a jury trial of one count of trafficking of a child, one count of soliciting a child for prostitution, two counts of pandering/pimping, and one count of solicitation of prostitutes. ECF No. 8 at 1–2.

could not "necessarily conclude at this time that from the face of Petitioner's motion" the exception could not be met. *Id*. at 9.[3]

On March 3, 2023, Respondent Chris Stevens ("Respondent")[4] moved to dismiss the amended petition on the ground that it is untimely and not saved by equitable tolling. ECF No. 15. Specifically, Respondent argues that Petitioner's circumstances are not "extraordinary" as required for application of equitable tolling; that it remains unclear what Petitioner's purported "discoverables" are; that there is nothing to support or corroborate Petitioner's claim that these "discoverables" were taken from him; and that even assuming *arguendo* that the "discoverables" exist and were taken from Petitioner, this still did not prevent Petitioner from timely filing the instant petition. ECF No. 16 at 4–8.

On April 27, 2023, Petitioner opposed the motion to dismiss. ECF No. 17. Regrettably, however, the vast majority of his filing merely summarizes the procedural history of the habeas action and recites portions of the Court's previous orders therein. The filing does not address any of Respondent's arguments in support of his motion to dismiss. It does not clarify what the alleged "discoverables" are, or how and when they were allegedly taken from Petitioner. Petitioner's brief does not appear to touch on the concept of equitable tolling at all.[5]

---

[3] The Court also noted that the petition was mixed, presenting both exhausted and unexhausted grounds for relief, and accordingly ordered Petitioner to file an amended petition presenting only his exhausted grounds. ECF No. 8 at 13–16. Petitioner did so on January 5, 2023. ECF No. 9 (amended petition).

[4] *See supra* n. 1.

[5] The only argument the brief does appear to make is that the "second filed petition relates back to the first filed petition" and is therefore not untimely. ECF No. 17 at 9. That contention is incorrect.

Because the Court agrees with Respondent and lacks a meaningful opposition from Petitioner, the Court will grant the motion to dismiss.

## 2. EQUITABLE TOLLING

Equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quotation omitted). It is an "extraordinary remedy that is 'rarely granted.'" *Mayberry v. Dittman*, 904 F.3d 525, 529 (7th Cir. 2018) (quoting *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016)). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently,

---

As the Court noted in its screening order, ECF No. 8 at 6, Petitioner had until May 13, 2020 to file his federal habeas petition. Petitioner filed his first federal habeas petition on May 5, 2020. *See* Case No. 20-CV-693-JPS, ECF No. 1. It was, however, dismissed without prejudice on March 12, 2021. *Id.*, ECF No. 14.

Merely because Petitioner filed his first petition in a timely manner does not mean that any subsequent petition in a new federal habeas action, no matter how late filed, would also be deemed timely. *See Collins v. Bett,* No. 03-C-0555-C, 2004 U.S. Dist. LEXIS 1912, at *16–17 (W.D. Wis. Jan. 26, 2004) (citing *Newell v. Hanks,* 283 F.3d 827, 834 (7th Cir. 2002) (federal habeas petition dismissed without prejudice does not stop running of statute of limitations)). To the extent that Petitioner argues that his second petition relates back to the first, he is conflating an *amended* petition, filed in the same action, with a petition filed in a new action. *See, e.g., Rasberry v. Garcia,* 448 F.3d 1150, 1155 (9th Cir. 2006) ("[A] habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition."); *Warren v. Garvin,* 219 F.3d 111, 114 (2d Cir. 2000) ("[A]s two other courts of appeals have held in similar circumstances, the 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back."). "The rule is not a mere technicality, but serves to prevent prisoners from circumventing the limitations period imposed by the AEDPA . . . ." *Warren*, 219 F.3d at 114. To conclude otherwise would allow a petitioner to file a "non-exhausted application in federal court within the limitations period and suffer a dismissal . . . then wait decades to exhaust . . . before returning to federal court to 'continue' his federal remedy, without running afoul of the statute of limitations." *Id*. (citation omitted).

and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha,* 763 F.3d at 683–84; *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner has the burden of establishing both elements; "failure to show either element will disqualify him from eligibility for tolling." *Mayberry*, 904 F.3d at 530–31.

An unsupported claim of destruction or deprivation of legal materials has typically been found insufficient to warrant equitable tolling. *See, e.g., Thompson v. AG of New Jersey,* No. 218-5115 (KM), 2022 U.S. Dist. LEXIS 197472, at *2, 12 (D.N.J. Oct. 31, 2022) (claim that corrections officers lost or destroyed petitioner's legal papers insufficient basis for equitable tolling because "the loss or destruction of [petitioner's] legal materials was not an impediment that prevented him from filing his petition"); *Cooper v. Ferguson,* No. 19-4030, 2021 U.S. Dist. LEXIS 838, at *10–11 (E.D. Pa. Jan. 4, 2021) (declining to apply equitable tolling because, *inter alia*, "the supposed unavailability of these materials . . . did not prevent [petitioner] from filing a federal habeas petition because he has filed the instant petition without apparently having these items"); *Laws v. Vermont,* No. 10-306, 2011 U.S. Dist. LEXIS 70736, at *13–14 (D. Vt. May 16, 2011), *report and recommendation adopted*, No. 1:10-CV-306-JGM, 2011 U.S. Dist. 70734 (D. Vt. June 29, 2011) ("In order to show the required causal connection between the confiscation and his delayed filing, [petitioner] must show that he could not have filed his PCR petition without a recording of the change of plea proceeding. He cannot make such an argument, however, since he ultimately filed his first PCR petition without having obtained the transcript."); *Cooper v. Price,* No. 98-3009, 2002 U.S. Dist. LEXIS 22944, at *4–8 (E.D. Pa. Apr. 3, 2002) (declining to apply equitable tolling where petitioner "failed to identify what materials were confiscated," "how [those materials] impacted his

ability to timely file a habeas petition," "when he replaced them," or "what efforts . . . he utilized in obtaining copies" and noting that "[t]he filing of a habeas petition does not require the presentation of any evidence").

On the basis of this authority and the parties' briefing, the Court agrees that Petitioner has not met his burden of establishing that equitable tolling is appropriate here. He has not clarified what his "discoverables" are or why he felt the need to rely on them. He has not specified the circumstances in which his "discoverables" were allegedly taken from him, or what efforts—if any—he made to recover or replace them. He has not addressed the Court's inquiry as to "why [Petitioner] felt the need to [file his Wis. Stat. § 974.06 motion] when he could have gone straight to filing his federal habeas petition within the statute of limitations, without a need for tolling." ECF No. 8 at 10. And it remains unclear whether Petitioner needed these "discoverables" for his federal habeas petition at all. *See id.* at 11 ("Petitioner's § 2254 application indicates that he was relying on the 'discoverables' not for purposes of drafting his § 2254 motion, but rather solely for drafting his § 974.06 motion."). The Court presented these concerns in its screening order, and Respondent reiterated them in his motion, but Petitioner has failed to address them.

For these reasons, and for the same reasons contemplated in this Court's screening order, ECF No. 8, the Court will grant the motion to dismiss and will dismiss the amended petition as untimely.

3.  **CONCLUSION**

Petitioner has not demonstrated that his is an extraordinary circumstance warranting the rare application of equitable tolling. Accordingly, the Court is constrained to grant the motion to dismiss, deny

Petitioner's amended petition as untimely, and dismiss this action with prejudice.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), a petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate that the amended petition is barred by statute of limitations. The Court must, therefore, deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Respondent Chris Stevens's motion to dismiss, ECF No. 15, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall replace Michael Meisner with Chris Stevens as Respondent on the docket;

**IT IS FURTHER ORDERED** that Petitioner Lowmorreo A. Harris, Sr.'s 28 U.S.C. § 2254 amended petition for a writ of habeas corpus, ECF No. 9, be and the same is hereby **DENIED** as untimely;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of May, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.